UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHAWN WEST,

                        Petitioner,                        **REPORT AND RECOMMENDATION**

     -against-

                                                           08 Civ. 6916 (KMK) (GAY)

THE PEOPLE OF THE STATE OF NEW YORK,

                        Respondent.
--------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Petitioner Shawn West ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. PROCEDURAL HISTORY**

On November 22, 1996, petitioner was charged by felony complaint with the crime of criminal possession of a forged instrument in the second degree. The charge against petitioner arose from a traffic stop earlier that morning in the Village of Port Chester, New York. On or about January 14, 1997, the Village of Port Chester Police Department determined that a cellular phone found in petitioner's possession at the time of the traffic stop had been stolen. By misdemeanor information dated January 14, 1997, petitioner was charged with fifth degree criminal possession of stolen property. On April 24, 1997, he pled guilty to one count of third degree criminal possession of a forged instrument in satisfaction of all charges arising from the traffic stop. On August 7, 1997, petitioner was sentenced to a term of imprisonment of six months. He did not

directly appeal his conviction.

On or about March 6, 2004, petitioner filed a CPL 440 motion to vacate the 1997 judgment of conviction on the grounds that (1) his guilty plea was coerced and (2) he was denied effective assistance of counsel.  See Memorandum of Law and Respondent['s] Exhibits, Exh. 7.  By Decision and Order dated January 20, 2005, the Village Court, Village of Port Chester (Sisca, J.) denied petitioner's motion without comment.  See id., Exh. 10.  On September 12, 2007, the Appellate Term denied petitioner's request for leave to appeal the denial of his 440.10 motion.  See id., Exh. 11.

On or about June 1, 2008, petitioner filed the instant petition for a writ of habeas corpus wherein he challenges his conviction on the same grounds raised in his 440.10 motion.  On October 14, 2008, the Westchester District Attorney's Office filed its opposition to the instant petition.  Respondent argues, *inter alia*, that the instant petition should be dismissed as time-barred.  On October 31, 2008, the undersigned held a telephone conference with the parties, during which petitioner was afforded the opportunity to set forth additional argument in support of his petition.  Petitioner declined to so and the undersigned deemed the matter fully submitted.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction.  See 28 U.S.C. § 2244(d)(1).  The one-year limitation period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. Here, petitioner's conviction became final on May 24, 1997 upon expiration of the 30-day period for filing a notice of appeal. See N.Y. Crim. Proc. Law § 460.10(1)(A); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000). Further, the AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), is inapplicable to the instant matter because petitioner filed his 440.10 motion well after the expiration of the one-year statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (filing of state court collateral challenge after expiration of one-year statute of limitations does not reset date from which the statute of limitations begins to run). Thus, the instant petition became time-barred under the AEDPA as of May 24, 1998, unless the limitation period was tolled by equitable considerations.

   B. Equitable Tolling

Petitioner will be entitled to equitable tolling of the AEDPA limitation period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time," and (2) that he acted with "reasonable diligence throughout the period he seeks to toll." See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the

3

lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  Here, petitioner does not point to any "extraordinary circumstance" that prevented him from timely filing his habeas petition, nor does he present any evidence that he acted diligently to file his habeas petition.

    C.  Actual Innocence

The Second Circuit has "not yet decided whether the Constitution requires tolling of AEDPA's limitations period in a case of actual innocence." See Brockington v. Marshal, 375 Fed. App'x 157, 158 (2d Cir. May 3, 2010).  The Second Circuit has instructed district courts faced with an untimely petition that claims actual innocence to determine "whether the petitioner has presented a credible claim of actual innocence." See id. (quotation and citation omitted).  "Actual innocence means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (quotation and citation omitted).  For a petitioner to establish that he is actually innocent of a crime, he must "demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation and citation omitted).  Further, petitioner must support his claim of actual innocence with a proffer of "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." See Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004) (quotation and citation omitted).

Here, petitioner has not submitted any new evidence, in the form of eyewitness

accounts, alibi witnesses or physical or scientific evidence, which establishes his innocence.  More to the point, petitioner does not claim actual innocence; he concedes that the contraband was in the glove box of his car, but argues that it was not in "plain view" and, therefore, that his counsel was ineffective because he failed to move to suppress the contraband.  Accordingly, even assuming the existence of an actual innocence exception, that exception would not toll the AEDPA limitations period in this case.

### III.  CONCLUSION

The instant proceeding was commenced well in excess of one year after petitioner's conviction became final and is, therefore, untimely.  Petitioner has not demonstrated a basis for equitable tolling, nor does he claim actual innocence.  Accordingly, I conclude, and respectfully recommend, that the instant petition should be dismissed as untimely.

### IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601,

and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated:     November 16, 2010
           White Plains, New York

Respectfully submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.